**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. ROHIT KUMAR, Defendant - Appellant. | No. 23-3719 D.C. No. 2:19-mj-10821-BGS-JLS -1 MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted November 8, 2024
Pasadena, California

Before: PARKER,** HURWITZ, and DESAI, Circuit Judges.

Rohit Kumar was convicted after a bench trial for attempted illegal entry by an alien into the United States in violation of 8 U.S.C. § 1325(a). He appeals the judgment of conviction on the ground that the magistrate judge improperly admitted

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Barrington D. Parker, United States Circuit Judge for the Court of Appeals, Second Circuit, sitting by designation.

his non-*Mirandized* statements to a border patrol agent. We have jurisdiction under 28 U.S.C. § 1291. We reverse.

This court reviews de novo whether an individual was in custody for *Miranda* purposes. *United States v. Kim*, 292 F.3d 969, 973 (9th Cir. 2002). To determine if an individual was in *Miranda* custody, we ask "whether a reasonable innocent person in such circumstances would conclude that after brief questioning he or she would not be free to leave." *United States v. Medina-Villa*, 567 F.3d 507, 519 (9th Cir. 2009) (quoting *United States v. Booth*, 669 F.2d 1231, 1235 (9th Cir. 1981)).

There are situations "in which a person is detained by law enforcement officers, is not free to go, but is not 'in custody' for *Miranda* purposes." *United States v. Cabrera*, 83 F.4th 729, 734 (9th Cir. 2023) (quoting *United States v. Butler*, 249 F.3d 1094, 1098 (9th Cir. 2001)). Relevant here, a border patrol agent may, in some circumstances, physically restrain or move the suspect without transforming a stop into custody where there is a safety concern or risk of flight. *See Martinez v. Nygaard*, 831 F.2d 822, 825, 828 (9th Cir. 1987); *United States v. Galindo-Gallegos*, 244 F.3d 728, 735 (9th Cir. 2001) (Paez, J., concurring).

Here, the circumstances did not justify the border patrol agent's decision to restrain and move Kumar. The agent grabbed Kumar, placed him in the back seat of a patrol car, drove him back towards the border, and stood in front of the vehicle door while questioning Kumar so that he could not leave. When placed in a car and

moved, a reasonable person would not have concluded that he was free to leave. We have only characterized stops of restrained suspects as non-custodial when justified by safety or flight concerns. *See, e.g.*, *United States v. Cervantes-Flores*, 421 F.3d 825, 830 (9th Cir. 2005) (describing how officers may restrain suspects during a *Terry* stop "[w]here a suspect threatens physical danger or flight"); *Washington v. Lambert*, 98 F.3d 1181, 1189 (9th Cir. 1996) ("[W]e have only allowed the use of especially intrusive means of effecting a stop in special circumstances, such as . . . where the suspect is uncooperative or takes action at the scene that raises a reasonable possibility of danger or flight . . . ."). No facts in the record indicate that Kumar posed a safety or flight risk. Kumar was alone and outnumbered by three border patrol vehicles. Kumar immediately stopped running when surrounded by the officers and did not resist apprehension. The border patrol agent did not find any weapons on Kumar. Indeed, the government concedes that the only reason the agent moved Kumar back towards the border was to be in a position to see whether other individuals were crossing the border.

Because the agent's actions were not justified by safety or flight concerns, they transformed the stop into *Miranda* custody. Thus, Kumar's non-*Mirandized* statements are inadmissible, and the government concedes that their erroneous admission is not harmless beyond a reasonable doubt.

**REVERSED and REMANDED.**